In the matter of the appeal from an order of the Morris county surrogate in the estate of WALTER H. D. KIL-LOUGH, deceased.

[Decided December 17th, 1935.]

*Messrs. Heine & Laird,* proctors for appellant.

*Mr. George Whitfield Betts, Jr., Messrs. King & Vogt* and *Messrs. Cox & Walburg,* proctors for respondents.

FIELDER, VICE-ORDINARY.

Walter H. D. Killough was killed in an automobile accident in Vermont July 31st, 1929, and being a resident of Kings county, New York, his will was offered for probate before the surrogate of that county. Pending litigation over the will said surrogate on September 25th, 1929, appointed Frank E. Stults, Samuel S. Conover and Mary E. Potter temporary administrators. They were the executors named in the will and after its subsequent probate, letters testamentary were granted to them February 26th, 1930.

Some time in January, 1930, Mrs. Potter, as an individual, presented a petition to the Morris county surrogate for the

appointment of an administrator of Killough's estate, wherein she alleged that she was a resident of New York State. She showed Killough's death and will and the appointment of Stults, Conover and herself as temporary administrators; that Killough had personal property in Morris county in this state, consisting of a deposit in the First National Bank of Morristown of approximately $76,000; that sixty days had elapsed since his death without application for letters of administration in this state; that she had a legal claim against Killough and his estate surviving against his personal representatives, being an action for damages for personal injuries sustained by her July 31st, 1929, while a passenger with Killough in his automobile, caused by his careless and negligent operation of said machine. On said petition the surrogate of Morris county made an order January 11th, 1930, directing that notice of the application be given the other temporary administrators and accordingly notice of a hearing February 10th, 1930, before said surrogate, was served on them January 15th, 1930. After receipt of the notice, Stults and Conover presented a petition to the Kings county surrogate setting forth that when the temporary administrators of Killough's estate were appointed they were directed to deposit all estate money in a New York bank; that they believe it for the best interest of the estate that the funds in the Morristown bank be withdrawn and deposited with other estate funds in New York; that Mrs. Potter, the other administrator, was then in Florida and praying an order authorizing them to withdraw said deposit. The petition made no mention of Mrs. Potter's application to the Morris county surrogate. An order was entered February 6th, 1930, by the Kings county surrogate authorizing withdrawal of the deposit in the Morristown bank on a check signed by the two temporary administrators and the funds were accordingly withdrawn and deposited in a New York bank prior to the date for hearing before the Morris county surrogate and an affidavit to that effect and wherein it was stated that there were no assets of the Killough estate in New Jersey, was presented to said surrogate. On March 26th, 1930, said surrogate

entered his order denying Mrs. Potter's application on the ground that there were no assets in this state to be administered and that Mrs. Potter was not a *bona fide* creditor of the estate within the meaning of section 29 of our Orphans Court act and that her claim should be asserted against the estate assets in the State of New York. From that order this appeal was taken May 15th, 1930, but the appellant failed to bring her appeal on for hearing until October 29th, 1935.

Section 29 of the Orphans Court act (*Comp. Stat. p. 3823*) provides that if any person not a resident of this state, shall die intestate possessed of personal property in this state, the surrogate of the county wherein such personal property is situate shall issue letters of administration to the administrator of such decedent, or to any person who would be entitled to administration had the decedent been a resident of this state. The section further provides that if an executor of a non-resident decedent shall neglect for the space of sixty days after the death of the decedent to make application to this state for letters testamentary or of administration upon or in respect to such decedent's estate, then upon the application of any person alleging himself to have a debt or legal claim against such decedent which by the laws of this state survives against the personal representatives of the decedent, the surrogate may issue letters of administration to such person as he may select.

When Mrs. Potter made her application to the Morris county surrogate, the temporary administrators of Killough's estate were in no position to apply for ancillary letters of administration in this state because Killough had not died intestate and they had not been appointed executors. Strictly, the grant of administration to them operated only within New York and did not confer on them the legal right to take possession of property in this state, yet they had the right to receive and to administer within their jurisdiction, assets in this state voluntarily surrendered to them. It seems clear that Mrs. Potter, herself a temporary administrator and therefore occupying the position of trustee of assets in this state, was attempting to take advantage of the situation to

further her personal interests; hence her co-administrators were justified in promptly endeavoring to secure possession of the estate funds from the Morristown bank and so they obtained the order from the Kings county surrogate which authorized them to take possession in case the bank made voluntary payment and the immediate surrender of the funds by the bank shows that ancillary administration was unnecessary. I cannot regard Mrs. Potter's act as *bona fide*. She did not want to settle her claim with the domiciliary administrators or executors because she feared that under the laws of New York, where she and the decedent resided it could not be allowed and so she came to this state with the hope that in some way she could recover here on a cause of action which arose in Vermont. I think the statute in question was enacted for the benefit only of *bona fide* creditors who are residents of this state (*Wall* v. *American Smelting and Refining Co., 91 N. J. Eq. 131; In re Heinze, 93 N. J. Eq. 672; Potter* v. *First National Bank, &c., 107 N. J. Eq. 72; In re Fischer, 118 N. J. Eq. 599; In re Hedden, 119 N. J. Eq. 161*) and because Mrs. Potter failed to show the Morris county surrogate that there were any such creditors, he properly exercised the discretion given him by the statute to reject her application.

The appointment of an administrator in this state now would be of no avail to Mrs. Potter for two reasons. First, the money in question was withdrawn from the Morristown bank nearly six years ago and was mingled with other estate funds in New York and Mrs. Potter has slept on this appeal more than five years. In the meantime the executors have made their account to the Kings county surrogate and he approved it. It should be noted that Mrs. Potter filed objection to that account, alleging, among other things, that the withdrawal of the Morristown bank account was improper, which objection was denied and no appeal was taken therefrom. Second, her purpose in applying for administration here was to enable her to bring suit in a New Jersey court to recover damages for the personal injuries she claims to have sustained July 31st, 1929, in an accident which occurred

through Killough's negligence. Should her appeal be sustained and an ancillary administrator be appointed and her suit be brought against him, that administrator would be required to plead our statute of limitations (*Comp. Stat. p. 3164 § 3*) under which her action is barred because not commenced within two years after it accrued. It is argued for her that the act of the temporary administrators in removing the Morristown bank account was wrongful; that the order of the Morris county surrogate sustaining such act necessitated this appeal and upon reversal of that order the time that has run since the appeal was filed should not be counted against her and that an ancillary administrator now appointed would be estopped from pleading the statute. I think it sufficient to say that it is appellant's delay of more than five years in bringing her appeal for hearing, that has allowed the statute to run.

Moreover, by the opinion and decree of our chancery court in the case of *Potter* v. *First National Bank, &c., supra,* the questions raised on this appeal are *res adjudicata.* About August 18th, 1930, Mrs. Potter filed a second petition with the Morris county surrogate praying for the appointment of an administrator in this state, based on ten shares of stock of First National Bank of Morristown owned by the Killough estate and at the same time she filed her bill of complaint in our court of chancery in the above entitled cause, reciting that she was then residing at Sea Girt in this state and alleging her cause of action for personal injuries and her second application to the Morris county surrogate. She further alleged that she feared the bank shares would be sold and transferred, thus depriving her of her right of action. She named Stults, Conover and the bank as defendants and prayed an injunction restraining them from selling or transferring the stock. Her bill was verified but the verification contained no proof of her place of residence. A hearing was had on her motion for a restraint *pendente lite* and on defendants' counter-motion to strike the bill and a decree was entered October 29th, 1930, denying her application for the restraint and dismissing her bill. On the motion for a temporary

restraint affidavits were filed for the defendants showing, among other things, the probate of Killough's will in Kings county and the grant of letters testamentary to the three executors therein named; that the ten shares of bank stock were within the State of New York; that there was no reason for ancillary administration in this state; that complainant's purpose in applying for administration was to prosecute an action for personal injuries sustained in an accident which had occurred in Vermont and the Vermont statutes in force at the time were quoted; that Mrs. Potter was a resident of New York State and that she had presented her claim for personal injuries to the executors in that state. No replying affidavits were filed for her. The reported opinion shows that on the motion for a temporary restraint the court, after considering the affidavits filed on behalf of the complainant and defendants, decided the same or similar questions as were raised on Mrs. Potter's first application to the Morris county surrogate and also the same or similar questions as are raised on this appeal from the surrogate's order on that application. The parties to the chancery suit were the same as the parties here, the inclusion of the First National Bank of Morristown as a party to the chancery suit having no effect on the question of *res adjudicata*. *Kelsey* v. *Dilks, 74 N. J. Eq. 270;* affirmed, 77 *N. J. Eq. 269.* The issues here being the same as were presented in the chancery suit wherein the decree was against Mrs. Potter and no appeal having been taken from the decree of the chancery court, I must take the opinion and decree of that court as conclusive on the issues raised here. *Newark City National Bank* v. *Crane, 60 N. J. Eq. 121; Dunning* v. *Crane, 61 N. J. Eq. 634; Shearman* v. *Cameron, 78 N. J. Eq. 532; In re Walsh, 80 N. J. Eq. 565.*

The appeal will be dismissed.